UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BEAUREGA MITCHELL,<br>Petitioner,<br>v.<br>WARDEN,<br>Defendant. | No. 2:25-cv-01213 WBS CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal inmate proceeding pro se with a writ of habeas corpus pursuant to 28 U.S.C. § 1441. Before the Court is petitioner Jason Mitchell's motion to alter or amend judgment (ECF No. 16). Petitioner moves the Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to reconsider its February 17, 2026 order. (ECF No. 16.) In that order, the Court dismissed this action without prejudice due to petitioner's failure to exhaust administrative remedies for his habeas claims. (ECF No. 14.) Petitioner contends that the claims are now exhausted, and it would be more efficient to reopen this case than to file a new action. On March 2, 2026, the district judge in this action referred this motion to the undersigned.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS,

Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Local Rule 230(j) provides that a party seeking reconsideration shall set forth the material facts and circumstances surrounding the motion for which reconsideration is sought, including: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion."

In his motion, petitioner asserts that he exhausted administrative remedies prior to the entry of final judgment, such that "the factual predicate for dismissal no longer exists." (ECF No. 16 at 1.) The petition in this action was filed on April 28, 2025. Petitioner asserts that, on May 23, 2025, he filed his last-stage administrative appeal but never received a response, such that his administrative remedies were exhausted during the pendency of this case. (ECF No. 16 at 3.)

However, the question of whether petitioner exhausted administrative remedies has already been litigated (see ECF Nos. 8, 9 & 10), with the undersigned concluding that "the [prison] administrative appeals process continued for months after petitioner filed the federal petition in this case." (ECF No. 10 at 7-8.) As "federal inmates are . . . required to exhaust their administrative remedies before seeking habeas relief[,]" the undersigned found the petition subject to dismissal, and the district judge agreed and dismissed this action without prejudice. (ECF No. 10 at 8 & ECF No. 14.)

Petitioner has not shown any reason to alter the judgment under Rule 59(e), and his motion for reconsideration should be denied. The appropriate way to re-assert his habeas claims in federal court is to file a new habeas petition in which all claims are exhausted. As the petition in this case was dismissed without prejudice, he is free to do so.

Since filing the motion for reconsideration, plaintiff has filed four additional post-judgment motions. (ECF Nos. 22, 26, 28, & 29.) All have been referred to the undersigned. As the petition was dismissed in February 2026, the Court recommends denying these motions and directing the Clerk of Court to close this action.

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for reconsideration (ECF No. 16) is DENIED;
2. Plaintiff's other post-judgment motions (ECF Nos. 22, 26, 28, and 29) are DENIED; and
3. The Clerk of Court is directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/mitc1213R60